USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    3/27/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YISRAEL Z. HEILMAN,

                                    Plaintiff,

            -against-

YESHIVA UNIVERSITY, SAPIR AMAR,
and MOSHE DAVIDOVICS,

                                    Defendants.

25 Civ. 2431 (AT)

**ORDER OF
SERVICE**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Yisrael Heilman, brings this action against Defendants, Yeshiva University, Sapir Amar, and Moshe Davidovics, alleging that Defendants violated his rights under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.; the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.; and state law. *See generally* Compl., ECF No. 1.

By order dated March 26, 2025, the Court granted Heilman's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. ECF No. 7. Because Heilman has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (stating that the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Heilman to effect service on Defendant Yeshiva University through the Marshals Service, the Clerk of Court is respectfully directed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for Defendant Yeshiva University. The Clerk of Court is further directed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Yeshiva University.

If the complaint is not served on Defendant Yeshiva University within 90 days after the date the summons is issued, Heilman should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (stating that it is the plaintiff's responsibility to request an extension of time for service). Heilman must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Heilman is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that the summons be issued. The Court, therefore, extends the time to serve until 90 days after the date any summons issue.

Additionally, Heilman names as Defendants Sapir Amar and Moshe Davidovics, both of whom Heilman alleges are students at Yeshiva University.  Compl. ¶¶ 4–5.  Heilman, however, does not provide service addresses for these Defendants.  Instead, Heilman alleges only that Amar and Davidovics reside in the vicinity of 500 West 185th Street, New York, New York.  *Id.*  A *pro se* litigant is entitled to assistance from the district court in identifying a service address for a defendant.  *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997).  Accordingly, counsel for Yeshiva University shall, within thirty days of the date of this Order, provide service addresses for Amar and Davidovics.

Lastly, the Court GRANTS Heilman's motion for permission to file documents electronically.  ECF No. 5.  The ECF Rules and Instructions are available online at https://nysd.uscourts.gov/rules/ecf-related-instructions.  Heilman is advised that, following his registration to file documents electronically, he will no longer receive service of documents by postal mail, whether or not he previously consented to accept electronic service.  All documents filed by the Court or any other party shall be served on Heilman by electronic notice to his designated email address.  *See* Fed. R. Civ. P. 5(b)(2)(E).  Should Heilman have any questions regarding electronic filing, he may call the ECF Help Desk at (212) 805-0800.

The Clerk of Court is respectfully directed to mail a copy of this Order and the complaint to counsel for Defendant Yeshiva University at Yeshiva University, Office of the General Counsel, 2495 Amsterdam Avenue, Belfer Hall 1001, New York, New York, 10033.  The Clerk of Court is further directed to mail an information package to Heilman.

SO ORDERED.

Dated: March 27, 2025
     New York, New York

ANALISA TORRES
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT YESHIVA UNIVERSITY**

Yeshiva University
500 West 185th Street
New York, New York 10033