**Seyfarth**

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526


kwinnick@seyfarth.com

T (212) 218-5510


www.seyfarth.com

July 25, 2025

**<u>VIA ECF</u>**

Magistrate Judge Robert W. Lehrburger
Southern District of New York
500 Pearl Street, Room 18D
New York, New York 10007

Re:    Heilmann v. Yeshiva University, et al.
       Civ. No. 1:25-cv-02431-AT-RWL (S.D.N.Y.)

Dear Judge Lehrburger:

As Your Honor is aware, we represent Defendants Yeshiva University ("YU"), Dr. Sara Asher, Dr. Yedidya Levy, Ms. Jennifer Golden, Ms. Judith Lopez, Dr. Rebecca Cypress, Dr. Yael Muskat, and Ms. Abigail Kelsen (the "YU Defendants") in the above-referenced matter.  We write in response to Plaintiff's Motion for Leave to Amend (ECF No. 37.)

The YU Defendants do not oppose Plaintiff's Third Amended Complaint being deemed his operative complaint.  Had Plaintiff conferred with the YU Defendants before filing it, they would have granted Plaintiff their consent to add the additional parties and causes of action he asserted. The YU Defendants, however, do oppose certain aspects of Plaintiff's Motion for Leave.

*First*, Plaintiff failed to address the futility and legal sufficiency prong of the standard for a motion to amend a pleading.  *See Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 225 (2d Cir. 2017); *Henry v. Coughlin*, 940 F. Supp. 639, 644 (S.D.N.Y. 1996).  The YU Defendants believe that Plaintiff's amendments are futile as they fail to state a claim.  The YU Defendants therefore reserve their right to argue in their anticipated motion to dismiss that all of Plaintiff's claims, whether newly added or not, should be dismissed for failure to state a claim.

*Second*, to the extent that Plaintiff seeks blanket leave to amend his complaint at his discretion (*see* ECF No. 37 at 11–12), the YU Defendants oppose.  Plaintiff's *pro se* status does not obviate his obligation to comply with the Federal Rules, including with respect to amending pleadings.  *See Sardarian v. Fed. Emergency Mgmt. Agency*, No. 3:19-CV-910 (CSH), 2020 WL 241272, at *1 (D. Conn. Jan. 16, 2020) ("The Court cannot consider the substance of Plaintiff's motion to amend his Complaint because Plaintiff has not complied with the Federal Rules of Civil Procedure, which are binding upon pro se litigants.").

Thus, should Plaintiff wish to further amend his complaint, he should be required to seek and obtain leave.  This is especially so given his past history of "vexatious" filings.  (*See* ECF No. 35 at 1.)



Magistrate Judge Robert W. Lehrburger
July 25, 2025
Page 2

*Finally*, to the extent that Plaintiff asks that any claims asserted against future named defendants relate back to the date this action was consolidated (*see* ECF No. 37 at 11, § IV), this too should be denied.  Should Plaintiff wish to argue that his claims against any future defendant relate back to some date, he should have to satisfy Fed. R. Civ. P. 15(c)(1) at that time. *See Vasquez v. Lazar*, No. 15-CV-8845 (KMK), 2019 WL 1988576, at *7 (S.D.N.Y. May 6, 2019) (applying Rule 15(c) in context of pro se contending that amendment should relate back).

*    *    *

We thank the Court for its time and attention to this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Kyle D. Winnick*

Kyle D. Winnick

cc:      All counsel of record (via ECF)