**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York  10018
**T** (212) 218-5500
**F** (212) 218-5526


kwinnick@seyfarth.com
T (212) 218-5510

www.seyfarth.com

August 7, 2025

**VIA ECF**

Magistrate Judge Robert W. Lehrburger
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: ***Heilmann v. Yeshiva University et al.***
     Case No.: 1:25-cv-02431

Dear Judge Lehrburger:

  As Your Honor is aware, this firm represents Defendants Yeshiva University ("YU"), Dr. Sara Asher, Dr. Yedidya Levy, Ms. Jennifer Golden, Ms. Judith Lopez, Dr. Rebecca Cypess, Dr. Yael Muskat, and Ms. Abigail Kelsen (the "YU Defendants") in the above-referenced matter.  We respectfully submit this letter in opposition to Plaintiff Yisrael Heilmann's ("Plaintiff") Motion for Expedited Discovery and Protective Order (the "Motion").[1]  (ECF No. 46.)

  The YU Defendants object to the Motion as violating the Court's applicable rules.  First, the Court's Individual Practice Rule II(D), which covers "discovery disputes," states that "[a]ny party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party."  To the extent Plaintiff requests a protective order, Rule 26(c)(1) of the Federal Rules of Civil Procedure likewise states that any such "motion must include a certification that the movant has in good faith conferred or attempted to confer with other affect parties."

  Contrary to Plaintiff's assertion that he sought to confer Seyfarth Shaw "on or about July 25, 2025," via a "written communication" (ECF No. 46, at 56), this office has no record of any such written communication from Plaintiff—nor any other efforts by Plaintiff to meet and confer, such as a missed telephone call.  This is not surprising, as Plaintiff previously instructed this office not to contact him directly.  While it is possible, though highly unlikely, that this office overlooked receiving a written communication, tellingly, Plaintiff does not attach the "written communication" demonstrating his efforts, despite attaching approximately 90-pages of exhibits.  (*See id.*)

  Further, Rule II(D) states that if the discovery dispute is not solved after the parties confer, a party may file "a letter motion… no longer than 3 single-space pages."  Plaintiff's Motion is a whopping 56-pages long and includes nearly 90-pages of exhibits.

---

[1] Although Plaintiff's Motion reads that it was filed on July 30, 2025, the Motion was not entered until August 4, 2025.

319602576v.3

To the extent the Court does not consider this a "discovery dispute" within the meaning of Rule II(D), Plaintiff's Motion does not comply with Rule III(D) either.  Specifically, Plaintiff's Motion does not comply with the requirements that: (1) he request a pre-motion conference; and (2) the motion be a letter that does not exceed 3 pages single-spaced.  For these reasons alone, Plaintiff's Motion should be denied.

Finally, the YU Defendants object to the voluminous nature of the Motion.  There is no good reason why Plaintiff's Motion cannot be a 3-page letter, as envisioned by the Court's Individual Rules.[2]

If the Court would like the YU Defendants to respond to the Motion in full, they respectfully request a 14-day extension of time to do so — until August 25, 2025.  The YU Defendants request the additional time to respond to all of Plaintiff's allegations contained in his 56-page Motion.

By way of preview, the YU Defendants oppose Plaintiff's Motion.  A motion for "expedited discovery is not the norm," and not granted unless good cause is shown.  *Grecia v. Brass Lion Ent., Inc.*, 2025 U.S. Dist. LEXIS 45327, at *3 (S.D.N.Y. Mar. 12, 2025) (denying plaintiff's motion for expedited discovery) (internal citation omitted).  Courts in this Circuit "examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Doe v. Congregation of the Sacred Hearts of Jesus & Mary*, 2022 U.S. Dist. LEXIS 130614, at *4 (S.D.N.Y. July 22, 2022) (internal citation omitted).  Courts will "compare the potential prejudice which will be suffered by the defendant if discovery is permitted, and that which will be experienced by the plaintiff if denied the opportunity for discovery at this stage." *Id.* (internal quotation and citations omitted).

Simply stated, there is no need nor basis for expedited discovery in this case.  First, YU issued a litigation hold well before this lawsuit was filed, ensuring there would be no destruction of documents.  Plaintiff offers no basis other than rank speculation that there is any risk of spoliation, and YU is well aware of its obligations in that regard.  On this basis alone, Plaintiff's request should be denied.  *See Geminatio, Inc. v. Hustad*, 2025 U.S. Dist. LEXIS 79754, at *29 (N.D.N.Y. Apr. 28, 2025) (rejecting request for expedited discovery where plaintiff did not show that documents will be spoliated or otherwise unavailable); *Newman v. SL Green Realty Corp.*, 2025 U.S. Dist. LEXIS 121860, at *22-23 (S.D.N.Y. June 26, 2025) (no good cause to justify expedited discovery where the plaintiff's claims were speculation); *Monsanto Co. v. Dragan*, 2005 U.S. Dist. LEXIS 56872, at *15 (W.D.N.Y. Nov. 21, 2005) (denying motion for expedited discovery where "there is no indication that defendant will destroy documents or be rendered incapable of answering interrogatories").

Second, the YU Defendants anticipate filing a motion to dismiss in response to Plaintiff's Second Amended Complaint, which is not due for at least another month.  (*See* ECF No. 40.)  As such, requiring the YU Defendants to engage in expedited discovery when they have not responded to the 47 causes of action asserted would certainly prejudice the YU Defendants.  *See*

---

[2]    Plaintiff separately filed a "Request for Leave to File Excess Pages" (ECF No. 45), which on its face should also be denied.  Plaintiff's request merely reiterates what he views as the "legal and factual complexity of the issues raised" by his complaint (*Id.*, at 3), based on the extraordinary number of different claims, but which has nothing to do with why expedited discovery should be allowed before the YU Defendants have an opportunity to move to dismiss the Second Amended Complaint.

*Perry v. Monaco*, 2025 U.S. Dist. LEXIS 23922, at *5 (S.D.N.Y. Feb. 10, 2025) (denying request for expedited discovery as premature because discovery "does not begin until the defendants are served and have filed a responsive pleading"); *Monsanto Co.*, 2005 U.S. Dist. LEXIS 56872, at *15 (rejecting motion for expedited discovery where the defendant has not "had a chance to answer").

Finally, Plaintiff's requests are far from limited.  For example, Plaintiff seeks, among other things: (1) "***all internal communications… concerning Plaintiff***" over a five-month period; and (2) the "identities of and ***communications with any individuals*** who participated in the September 7, 2024 harassment incident ***or any other retaliatory acts*** against Plaintiff."  (ECF No. 46, at 44 (emphasis added).)  Courts routinely deny such broad requests.  *See, e.g.*, *Doe*, 2022 U.S. Dist. LEXIS 130614, at *9; *N. Atl. Operating Co. v. Evergreen Distributors, LLC*, 293 F.R.D. 363, 371 (E.D.N.Y. 2013) (denying expedited discovery request for documents on broad topic areas because it was "overbroad, overly burdensome and not reasonable under the circumstances.")

In sum, Plaintiff's request is without basis, would place an unreasonable burden on the YU Defendants, and should be denied in its entirety.

*        *        *

We thank the Court for its time and attention to this matter.  Should the Court desire additional briefing, the YU Defendants are prepared to submit a full opposition.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/  Kyle D. Winnick*

Kyle D. Winnick

Cc:    All counsel of record (via ECF)
       Yisrael Heilmann (via ECF)

319602576v.3