

**Bell Law Group, PLLC**
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

January 5, 2026

*Via ECF*
Magistrate Judge Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: <u>**Heilmann v. Yeshiva University, et al.**</u>
**Docket No.: 1:25-cv-02431**

Dear Judge Lehrburger:

This office represents Defendants Jose Hambra ("Defendant Hambra") and Salvador Serfaty ("Defendant Serfaty") (collectively, "Defendants") in the above-captioned matter. We write in opposition to Plaintiff Yisrael Heilmann's ("Plaintiff") motion requesting leave to again, amend his Complaint. Plaintiff has repeatedly failed to cure the deficiencies in his claims against Defendants Hambra and Serfaty, and further amendment would be futile. Another opportunity to amend will not salvage Plaintiff's claims. For the reasons set forth below, Plaintiff's motion should be denied.

**Relevant Procedural History**

Plaintiff initiated this action on March 20, 2025 (Dkt. No. 1) and has since amended the Complaint three times: on June 11, 2025 (Dkt. No. 29), June 30, 2025 (Dkt. No. 32), and October 23, 2025 (Dkt. No. 92), which is currently the operative Complaint. On October 16, 2025, Your Honor granted Plaintiff's request to amend his Complaint, stating that "[n]o further amendments to the complaint shall be permitted absent good cause." Dkt. No. 90. Despite this, Plaintiff now requests to amend his complaint again.

**Argument**

A. **Plaintiff Cannot Amend Under Rule 15(a) and Must Also Satisfy Rule 16 Because This Court Has Issued a Scheduling Order**

Plaintiff is barred from making further amendments under Rule 15(a) or Rule 16(b) of the Federal Rules of Civil Procedure, as "[m]otions for leave to amend are governed by one of two standards." <u>Recio v. D'Almonte Enters. Parking Garage, Inc.</u>, 22 Civ. 6153 (RA) (GS), 2024 U.S. Dist. LEXIS 60960, at *7 (S.D.N.Y. Apr. 3, 2024). While Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," amendment is not without limitation. Federal Rule 15(a)(1)(B) permits a plaintiff to amend their complaint once as matter of course no later than 21 days after the service of a responsive pleading or 21 days after service of a motion under rule 12(b). And while a plaintiff may file leave to amend under Rule 15(a)(2) leave shall be denied for reasons such as "undue delay, bad faith, futility of the amendment…[or] resulting prejudice to the opposing party." <u>Recio</u>, 2024 U.S. Dist. LEXIS 60960, at *7

Magistrate Judge Robert W. Lehrburger
January 5, 2026
Page 2 of 3

(citing cases). The amendment period under Rule 15(a) ends however, 'if the district court issues a scheduling order setting a date after which no amendment will be permitted.' Id. at *8 (citing Sacerdote v. New York Univ., 9 F.4th 95, 115 (2d Cir. 2021)). "After that point, the stricter standard of Rule 16(b) applies." Id. (internal quotations and citations omitted).

In essence, Plaintiff currently seeks leave of the Court to amend his Complaint once again, but this will not help him. While Rule 15(a)(1)(B) permits a plaintiff to amend "once as a matter of course" after the filing of a 12(b) motion, the Court has generously permitted Plaintiff to already amend his Complaint three times. See Dkt. Nos. 29, 32, and 92. Moreover, because this Court set a deadline after which further amendments would not be permitted, Rule 15(a) no longer governs. Plaintiff must therefore satisfy Rule 16(b)'s "good cause" standard, which he cannot do, as detailed below.

B. **Plaintiff Cannot Meet the Good Cause Standard Under Rule 16 Because the Proposed Amendment Is Based on Facts Plaintiff Knew or Should Have Known Before the Motion Deadline**

Rule 16(b)(4) allows amendment after a scheduling order deadline only "upon a showing of good cause," which depends on the diligence of the moving party. Callahan v. Cnty. of Suffolk, 96 F.4th 362, 370 (2d Cir. Mar. 19, 2024); Recio, 2024 U.S. Dist. LEXIS 60960, at *8. A party is not diligent where the proposed amendment is based on information known—or that should have been known—before the motion deadline. Id. at 13. Courts may also consider prejudice to defendants. Id.

Here, the Court set a date after which no further amendments would be permitted. See Dkt. No. 90 ("No further amendments to the complaint shall be permitted absent good cause"). Rule 16 therefore governs, and Plaintiff cannot meet the good cause standard. He claims a fourth amendment will allow him to "plead allegations with clearer, element-by-element structure," "streamline and organize the factual narrative," "rewrite and restructure the existing causes of action…without expanding the factual core," and "incorporate limited newly discovered evidence," while relying on the "same operative facts." Dkt. No. 109 at 4. These assertions do not demonstrate diligence or justify altering the Court's order. An amendment based on the same facts that existed when the original complaint was filed is insufficient. See Charter Commc'ns, Inc. v. Loc. Union No. 3, Int'l Bd. of Elec. Workers, AFL-CIO, 338 F. Supp. 3d 242, 256 (S.D.N.Y. 2018) (finding no diligence where "the essential facts related to Plaintiff's [proposed] claim have been known to Plaintiff since the outset of [the] litigation"). Failure to establish good cause is "reason alone to deny leave to amend." Recio, 2024 U.S. Dist. LEXIS 60960, at *16.

C. **Any Amendment would be Futile and Prejudicial to Hambra and Serfaty**

Plaintiff's federal claims fail at the threshold because every federal statute he invokes requires either state action or that the defendant be a recipient of federal funding of which Plaintiff is a beneficiary, as detailed in their motion to dismiss. Dkt. No. 107. Defendants Hambra and Serfaty are private students, neither state actors nor recipients of institutional funding. Plaintiff therefore cannot satisfy the basic requirements for standing or state action under Title VI, 42 U.S.C. § 1983, or the Fourteenth Amendment. Any amendment would therefore be futile.

That Plaintiff is *pro se* does not afford him further leeway to amend. While district courts "generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects," a court may deny amendment if it would be "futile." Cagle v. Weill Cornell Med., 22-cv-6951 (LJL), 2024 U.S.

Magistrate Judge Robert W. Lehrburger
January 5, 2026
Page 3 of 3

Dist. LEXIS 131832, at *20 (S.D.N.Y. July 24, 2024) (citing cases). Courts in this jurisdiction have denied additional amendments to complaints filed by *pro se* plaintiffs when they have already been given the opportunity to amend, and when any further amendments are insufficient. Id. at *20-21 (denying further amendment of complaint by *pro se* plaintiff where the amended complaint made "largely the same allegations as the original complaint" that were found "insufficient to state a claim as a matter of law").

That is exactly the case here. Plaintiff has demonstrated that any further amendment to the claims against Defendants Hambra and Serfaty would be plainly futile. No amendment can cure the fundamental and incurable defects that permeate Plaintiff's Complaint. *First*, amendment cannot confer standing where none exists. Plaintiff lacks standing to assert four of the claims he pleads because those causes of action require state action or federal funding of which Plaintiff is a beneficiary—elements that are categorically absent here against individual Defendants Hambra and Serfaty. Repleading cannot transform private defendants into state actors, nor can it manufacture state involvement where none exists. See Cagle, 2024 U.S. Dist. LEXIS 131832, at *21 (denying further amendment by *pro se* plaintiff stating '[t]he problem with [Plaintiff's] complaint is substantive; better pleading will not cure it') (citation omitted).

Finally, permitting further amendment would also prejudice Defendants Hambra and Serfaty, who would be forced to expend additional resources defending legally deficient claims that cannot be cured by repleading.

### D. Co-Defendants' Proposal Does Not Apply to Defendants Hambra and Serfaty

Co-Defendants propose a two-stage response for Plaintiff to respond to their motion to dismiss. Defendants Hambra and Serfaty do not take a position as to Co-Defendants' proposal but maintain that it does not apply to their claims. Plaintiff's claims against Hambra and Serfaty should be dismissed in their entirety; amendments to Plaintiff's claims against Hambra and Serfaty are futile – both Defendants are private individuals, not state actors or institutional recipients of federal funding. Another amendment to Plaintiff's Complaint will not resuscitate claims that were never viable to begin with.

### <u>Conclusion</u>

For the reasons set forth above, Plaintiff's request to amend his Complaint for a fourth time should be denied. We thank the Court for its attention to this matter.

Respectfully,

BELL LAW GROUP, PLLC

*Chaya M. Gourarie*
Chaya M. Gourarie, Esq.
Elisabeth A. Schiffbauer, Esq.
CG@BellLG.com
eschiffbauer@BellLG.com

CC:    All counsel of record (via ECF)
       Yisrael Heilmann (via ECF)