UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
YISRAEL Z. HEILMANN,                                      :
                                                         :      Civil Action No. 1:25-cv-02431-AT-RWL
                    Plaintiffs,                           :
                                                         :
                                                         :
      -against-                                          :
                                                         :
YESHIVA UNIVERSITY, et al.,                              :
                                                         :
                    Defendants.                          :
                                                         :
---------------------------------------------------------X


### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF YU DEFENDANTS' MOTION TO DISMISS


Dated: March 11, 2026

*Of Counsel*:

Dov Kesselman
Kyle D. Winnick
Ian M. Capell
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

*Attorneys for Defendants
Yeshiva University, Sara Asher,
Yedidya Levy, Jennifer Golden,
Judith Lopez, Rebecca Cypess,
Yael Muskat, Abigail Kelsen,
Joe Bednarsh, Esther Sasson,
Avi Feder, Norma Silbermintz,
Seyfarth Shaw LLP, Dov Kesselman,
Kyle Winnick, and Ian Capell*

## TABLE OF CONTENTS

**Page**

ARGUMENT ............................................................................................................................. 1

I.    PLAINTIFF INCORRECTLY ARGUES THAT THE YU DEFENDANTS IMPERMISSIBLY RELIED ON MATERIALS OUTSIDE THE PLEADINGS ............... 1

II.    PLAINTIFF DOES NOT MEANINGFULLY DISPUTE THE MOTION ......................... 3

III.    PLAINTIFF'S INCONSISTENT ALLEGATIONS RENDER ALL CLAIMS IMPLAUSIBLE ................................................................................................................ 4

IV.    PLAINTIFF'S NEW ALLEGATIONS REGARDING HIS FALSE IMPRISONMENT CLAIM FURTHER UNDERMINE THE PLAUSIBILITY OF THIS CLAIM .................................................................................................................... 5

V.    PLAINTIFF'S OPPOSITION DOES NOT SAVE HIS DISCRIMINATION AND RETALIATION CLAIMS ...................................................................................... 6

    1.    Plaintiff's Section 1983 Claims Still Fail ................................................. 7

    2.    The Election of Remedies Doctrine Bars Plaintiff's NYSHRL & NYCHRL Claims ...................................................................................... 8

    3.    Plaintiff's Age Discrimination Claims Still Fail ....................................... 8

    4.    Plaintiff's National Origin-Related Claims Still Fail ............................... 9

    5.    Plaintiff's Disability-Related Claims Still Fail ....................................... 10

    6.    Plaintiff's Retaliation Claims Still Fail ................................................... 11

CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CDC Newburgh Inc. v. STM Bags, LLC*,
    692 F. Supp. 3d 205 (S.D.N.Y. 2023)......................................................................................2

*Ciambriello v. Cnty. Of Nassau*,
    292 F.3d 307 (2d Cir. 2002).................................................................................................7

*Dash v. Bank of Am. Corp.*,
    2019 WL 1780140 (S.D.N.Y. Apr. 23, 2019).........................................................................2

*Elson v. Consol. Edison Co. of New York*,
    226 A.D.2d 288 (1st Dep't 1996) .........................................................................................6

*Felske v. Hirschmann*,
    2012 WL 716632 (S.D.N.Y. Mar. 1, 2012) ...........................................................................3

*Fiorica v. University of Rochester, School of Nursing*,
    2008 WL 907371 (W.D.N.Y. Mar. 31, 2008).......................................................................10

*Gertskis v. U.S. E.E.O.C.*,
    2013 WL 1148924 (S.D.N.Y. Mar. 20, 2013) ........................................................................2

*Gorzynski v. JetBlue Airways Corp.*,
    596 F.3d 93 (2d Cir. 2010)..................................................................................................11

*Higgins v. NYP Holdings, Inc.*,
    836 F. Supp. 2d 182 (S.D.N.Y. 2011)....................................................................................8

*Johnson v. City of N.Y.*,
    2024 WL 4336317 (S.D.N.Y. Sept. 27, 2024)......................................................................11

*Johnson v. City of New York*,
    669 F. Supp. 2d 444 (S.D.N.Y. 2009)....................................................................................7

*Kwan v. Andalex Grp. LLC*,
    737 F.3d 834 (2d Cir. 2013).................................................................................................11

*Lee v. Bankers Tr. Co.*,
    1998 WL 107119 (S.D.N.Y. Mar. 11, 1998) ..........................................................................6

*Lynch v. Amoruso*,
    232 F. Supp. 3d 460 (S.D.N.Y. 2017)....................................................................................3

*Maas v. Cornell Univ.*,
94 N.Y.2d 87 (1999) ...................................................................................................7

*Moodie v. Fed. Rsrv. Bank of New York*,
58 F.3d 879 (2d Cir. 1995)..........................................................................................8

*Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*,
2011 WL 381612 (E.D.N.Y. Feb. 2, 2011)...................................................................5

*Ochei v. The Mary Manning Walsh Nursing Home Co.*,
2011 WL 744738 (S.D.N.Y. Mar. 1, 2011) ..................................................................9

*Riviello v. Waldron*,
47 N.Y.2d 297 (1979) ..................................................................................................9

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
547 F.3d 406 (2d Cir. 2008)........................................................................................2

*Tardd v. Brookhaven Nat'l Lab.*,
407 F. Supp. 2d 404 (E.D.N.Y. 2006) ..........................................................................8

*Tedeschi v. Wagner College*,
49 N.Y.2d 652 (1980) ..................................................................................................7

*Thomson v. Odyssey House*,
2015 WL 5561209 (E.D.N.Y. Sept. 21, 2015) .............................................................2

*Wells v. Bard Coll.*,
184 A.D.2d 304 (1st Dep't 1992) .................................................................................9

*York v. Ass'n of Bar of City of New York*,
286 F.3d 122 (2d Cir. 2002)....................................................................................1, 8

**Statutes**

42 U.S.C. § 1981.......................................................................................................10

42 U.S.C. § 1983...................................................................................................7, 11

42 U.S.C. § 1985.........................................................................................................7

Americans with Disabilities Act ..........................................................................10, 11

Title VI...................................................................................................................8, 10

New York City Human Rights Law......................................................................1, 8, 11

New York State Human Rights Law ....................................................................1, 8, 11

Racketeer Influenced and Corrupt Organizations Act ........................................................................3

Rehabilitation Act ...........................................................................................................................10

**Other Authorities**

L. Civ. R. 7.1(c) ..............................................................................................................................4

The YU Defendants[1] submit this reply memorandum of law in further support of their Motion to Dismiss (the "Motion"), which established in detail that each of Plaintiff's claims against them must be dismissed as a matter of law. (*See generally*, YU Defendants' Memorandum in Support of Their Motion to Dismiss at ECF 101 ("YU Mem.").)

In opposition, Plaintiff does nothing more than to recite the basic elements of his claims and state in conclusory fashion that he has sufficiently pleaded his claims. This is insufficient to survive a motion to dismiss, and the Motion should be granted on that basis alone.

In fact, Plaintiff cites cases that actually support dismissal of his claims. For example, Plaintiff cites *York v. Ass'n of Bar of City of New York*, 286 F.3d 122 (2d Cir. 2002), for the proposition that courts typically do not dismiss NYSHRL and NYCHRL claims under the election-of-remedies doctrine. But *York* actually *affirmed* the dismissal of such claims on that very basis. *Id*. at 127–128. Plaintiff's Opposition is replete with similar miscites. Indeed, Plaintiff's Opposition offers nothing that even requires a substantive response, and the YU Defendants submit this Reply to highlight certain specific points and refer the Court to its arguments in its initial papers.

Accordingly, the Motion must be granted in its entirety.

## ARGUMENT

### I. Plaintiff Incorrectly Argues That The YU Defendants Impermissibly Relied On Materials Outside The Pleadings

Plaintiff wrongly contends that the Motion should be converted into one for summary judgment because it relies on materials outside the complaint. (ECF 123 ("Opp.") at 10, 13, 22.) As established in the Motion, all the documents relied upon in the Motion may be judicially noticed

---

[1] Defendants Yeshiva University ("YU"), Sara Asher, Yedidya Levy, Jennifer Golden, Judith Lopez, Rebecca Cypess, Yael Muskat, Abigail Kelsen, Joe Bednarsh, Esther Sasson, Avi Feder, Norma Silbermintz, Seyfarth Shaw LLP, Dov Kesselman, Kyle Winnick, and Ian Capell.

and properly considered without converting it into one for summary judgment. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) ("Matters judicially noticed by the District Court are not considered matters outside the pleadings."); YU Mem. at 9–10.

*First*, Plaintiff's NYSDHR Charge (ECF 102-2) may be properly considered because it is necessarily incorporated by reference into Plaintiff's SCAC. *See Thomson v. Odyssey House*, 2015 WL 5561209, *3 n.7 (E.D.N.Y. Sept. 21, 2015) (considering NYSDHR and EEOC filings on motion to dismiss).

*Second*, YU's Position Statement (ECF 102-3) is also incorporated by reference because Plaintiff's defamation claims are predicated on statements contained in it. *See CDC Newburgh Inc. v. STM Bags, LLC*, 692 F. Supp. 3d 205, 222 (S.D.N.Y. 2023) (on a motion to dismiss a court may consider defamatory article referred to in the complaint).

*Finally*, the remaining documents relied upon by the YU Defendants are pleadings or other filings submitted by Plaintiff across the various litigations he has brought before this Court (ECF 102-4–102-7), all of which may be considered on a motion to dismiss. *See Dash v. Bank of Am. Corp.*, 2019 WL 1780140, *5 n.10 (S.D.N.Y. Apr. 23, 2019) (Lehrburger, M.J.) (considering pleadings from pro se litigant's prior litigations); *Gertskis v. U.S. E.E.O.C.*, 2013 WL 1148924, *1 (S.D.N.Y. Mar. 20, 2013) (considering pro se litigant's "various complaints" and related documents on motion to dismiss).

Tellingly, Plaintiff does not (and cannot) dispute the authenticity or accuracy of the materials cited in the Motion.[2]

---

[2]    To the extent the Court finds that it cannot rely on any materials cited in the Motion without converting it into one for summary judgment, the YU Defendants respectfully request the Court to ignore those materials.

## II.    Plaintiff Does Not Meaningfully Dispute The Motion

Plaintiff, despite proceeding *pro se*, has the burden to "state a plausible claim for relief." *Lynch v. Amoruso*, 232 F. Supp. 3d 460, 465 (S.D.N.Y. 2017).  The Motion established that Plaintiff failed to do so for each of his claims against the YU Defendants.  In opposition, Plaintiff merely provides threadbare recitals of the elements of his causes of action, supported by conclusory statements, without explaining how his claims are plausible.  For example, with respect to his fraud claims, he simply reiterates the conclusory allegations in his SCAC that Defendants "acted with fraudulent intent," without supporting this legal contention with concrete, non-conclusory facts.  (Opp. at 115–117.)  On this basis alone, the Motion should be granted.

Plaintiff also fails to address the YU Defendants' substantive arguments, such as: (i) colleges have no legal duty to shield their students from the dangerous activities of other students (YU Mem. at 14); (ii) fraud claims cannot be predicated on statements of ethics (*id*. at 20); (iii) breach-of-contract claims cannot be based on a university's alleged failure to follow internal policies (*id*. at 23); (iv) negligent hiring and supervision claims require the tortfeasor to be an employee, not a student (*id*. at 24); (v) statements made to agencies and courts are absolutely privileged (thereby defeating defamation claims[3]) and cannot support RICO claims (*id*. at 26–28); (vi) his federal and state discrimination claims cannot be asserted against individual defendants (*id*. at 34–35); among many other points.  "A plaintiff . . . concedes a defendant's arguments by his failure to respond."  *Felske v. Hirschmann*, 2012 WL 716632, \*3 (S.D.N.Y. Mar. 1, 2012).

---

[3]    Plaintiff's Opposition concedes that his defamation claims (Counts 5, 6, 32) are based on representations YU, through the Seyfarth Defendants, made in the NYSDHR Position Statement. (ECF 123-3 ¶¶130-138.)  As such, they enjoy an absolute privilege, and Plaintiff's defamation claims must be dismissed with prejudice.  (YU Mem. at 26–27.)

3

**III.    Plaintiff's Inconsistent Allegations Render All Claims Implausible**

In support of his opposition, Plaintiff submits a new "Factual Background," which he contends "clarifies facts already alleged in the [SCAC]." (ECF 123-3.)  Although Plaintiff labels this filing an "appendix," it is actually an improper attempt to circumvent the Court's word limitations[4] and to avoid the allegations of the SCAC.  Accordingly, it should be stricken.

Regardless, nothing in the Factual Background renders Plaintiff's claims plausible.  Just as Plaintiff's allegations have shifted across the various pleadings and Court filings, the Factual Background further undermines his claims by introducing yet another inconsistent iteration of his "story."  Examples include:

| Prior Allegations | New Allegations |
|---|---|
| "In December 2023, as the fall semester drew to a close," Plaintiff was told to vacate his campus dormitory "by the *end of the term*"—i.e., at the end of the *fall semester*.  (ECF 92 ¶64.) | On December 29, 2023, he must leave student housing at the end of the "*Spring 2024 semester*." (ECF 123-3 ¶25.) |
| "For approximately 10 – 15 minutes, Levy and Lopez . . . subjected Plaintiff to a terrifying barrage of threats and demands. . . Levy and Lopez explicitly threatened Plaintiff's life."  (SCAC ¶74.) | No allegations that Lopez threatened him or that Levy "explicitly threatened Plaintiff's life;" rather, Plaintiff states that he "*understood*" Levy's statements to be "threatening and coercive in context."  (ECF 123-3 ¶55.) |
| "Lopez . . . physically restrain[ed] him from leaving."  (SCAC ¶74.) | No allegations that Lopez physically touched him. (ECF 123-3 ¶55.) |
| "The University's response was to flatly deny Plaintiff's accommodation requests." (SCAC ¶78.) | Rather than "flatly denying" his requests, Kelsen told Plaintiff: "'When requesting accommodations or a deferral, it is the responsibility of the student to find a qualified provider and submit to use the necessary documentation.'"  (ECF 123-3 ¶69.) |

---

[4]    Despite Plaintiff certifying that his Opposition contained only 17,309 words, it appears it is actually 21,433 words, not including the excludable portions under L. Civ. R. 7.1(c).  Plaintiff's Factual Background is an additional 7,433 words.

"Where plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." *Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*, 2011 WL 381612, *6 (E.D.N.Y. Feb. 2, 2011). As explained in the Motion, as well as above and below, Plaintiff's myriad allegations are contradicted by statements he has made in his various complaints, his NYSDHR Charge, and other documents he has filed with this Court. (*See* YU Mem. at 9-10, 17–20, 43.) Accordingly, the SCAC should be dismissed in its entirety.

Finally, to the extent Plaintiff seeks to amend his complaint *yet again*, this should be denied. Plaintiff already has had fifteen attempts to "get his story straight." He should not be allowed yet another bite at the apple.

## IV.    Plaintiff's New Allegations Regarding His False Imprisonment Claim Further Undermine its Plausibility

The Motion established that Plaintiff's false imprisonment claim (Count VII) is inherently implausible: there is no conceivable basis to believe that a psychologist "imprisoned" Plaintiff for approximately 10–15 minutes, particularly where Plaintiff's own submissions to this Court undermine any such assertion. (YU Mem. at 17–19.) In his opposition, Plaintiff attempts to cure the defects in this claim by asserting new allegations that not only fail to cure those deficiencies, they further undermine the plausibility of his claim. (ECF 123-3 ¶¶53–61.)

First, although Plaintiff previously alleged that he was physically restrained from leaving the room, he now "clarifies" in his Factual Background that he was merely "physically obstructed" — without explaining in any way how he was obstructed — from leaving the room. (*Id*. ¶54.) At most, Plaintiff alleges that he was questioned for approximately twelve minutes and that he subjectively perceived Dr. Levy as threatening him to stop complaining — not threatening to keep him confined. (*Id*. ¶55.) Courts have dismissed false imprisonment claims based on conduct far

5

more egregious than what Plaintiff alleges in his Factual Background. *See e.g.*, *Lee v. Bankers Tr. Co.*, 1998 WL 107119, *5 (S.D.N.Y. Mar. 11, 1998) (questioning for "more than five hours" by security personnel insufficient to state claim of false imprisonment); *Elson v. Consol. Edison Co. of New York*, 226 A.D.2d 288, 289 (1st Dep't 1996) ("eights hours of threatening interrogation" insufficient to state false imprisonment claim). *See also* YU Mem. at 17–18.

Second, Plaintiff now submits an "Incident Information Slip," which he presumably purports to have filed with the NYPD, listing "Harassment, False Imprisonment." (ECF 123-1.) This document has <u>no</u> evidentiary value: it is unauthenticated, contains no factual description, redacts key information — such as the complaint report number — making verification impossible, and represents nothing more than his own allegations, rather than any official confirmation of its contents. Even assuming *arguendo* that Plaintiff did file this slip in connection with the alleged false imprisonment, it actually undermines his claim, since the NYPD never charged Dr. Levy, or anyone else, with any crime arising from this purported incident, and Plaintiff does not allege otherwise, further demonstrating the implausibility of this claim.

## V.    **Plaintiff's Opposition Does Not Save His Discrimination and Retaliation Claims.**

The Motion established that Plaintiff's discrimination and retaliation claims should be dismissed for several independent reasons. (YU Mem. at 31–47.)  The YU Defendants stand on those arguments, but address certain new assertions, facts, and cases raised in the Opposition.

### 1.    Plaintiff's Section 1983 Claims Still Fail

As explained in the Motion, Plaintiff's claims under 42 U.S.C. § 1983 (Counts 13, 25, 29, 33)[5] must be dismissed because Plaintiff failed to plausibly plead "a close nexus between the state and the challenged action."  (YU Mem. at 31-32.)

On rebuttal, Plaintiff contends that YU engaged in state action because it worked with the NYPD and "federal immigration authority," and because it exercised "traditional police functions" by physically detaining him, restricting his movement, and subjecting him to coercive questioning. (Opp. at 46–51.)  Not only does Plaintiff fail to cite any legal authority supporting these conclusory allegations, he never even brought a § 1983 claim concerning his alleged false imprisonment.  *See Johnson v. City of N.Y.*, 669 F. Supp. 2d 444, 451 (S.D.N.Y. 2009) (alleged cooperation and false statements to NYPD insufficient to plead state action).

While Plaintiff argues that students possess protected interests in continued enrollment and fair procedures, he cites two cases that support dismissal.[6]  *See Tedeschi v. Wagner College*, 49 N.Y.2d 652 (1980), (due process claim against a private university based on alleged "state action" was properly dismissed); *Maas v. Cornell Univ.*, 94 N.Y.2d 87 (1999) (relying on *Tedeschi*, which "concluded that… the right to a due process hearing based on claimed 'state action' was properly dismissed.")

---

[5]    The only counts in which Plaintiff asserts an § 1983 claim are 13, 25, 29, and 33.  Yet, Plaintiff appears to argue that Counts 7, 10 and 25–36 assert § 1983 claims, which is inaccurate. (Opp. at 41–46, 57–65, 91.)

[6]    Concerning Count 26 under § 1985(3), Plaintiff cites *Ciambriello v. Cnty. Of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002) for the proposition that "[a]greement and discriminatory animus may be inferred from coordinated conduct."  (Opp. at 134.)  The *Ciambriello* decision does not mention § 1985.

7

### 2.     The Election of Remedies Doctrine Bars Plaintiff's NYSHRL & NYCHRL Claims

Counts 10, 12, 16, 27, 31, and 35 — asserting NYSHRL and/or NYCHRL claims — must be dismissed because Plaintiff previously filed a Charge with the NYSDHR asserting the same types of discrimination and retaliation claims, based on the same nucleus of operative fact, as those in the SCAC. (Opp. at 33.)

Plaintiff incorrectly argues that dismissal is "premature" because "courts decline to apply the election of remedies bar at the pleading stage." (*Id.* at 20.)  The cases on which Plaintiff relies *all support dismissal*. *York*, 286 F.3d at 127 (granting motion to dismiss based on election-of-remedies doctrine); *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 188 (S.D.N.Y. 2011) (same); *see also Moodie v. Fed. Rsrv. Bank of New York*, 58 F.3d 879 (2d Cir. 1995) (nothing about a motion to dismiss being an improper vehicle).  Because Plaintiff's Charge is pending, which Plaintiff does not dispute (Opp. at 19), this Court lacks jurisdiction over his NYSHRL and NYCHRL claims. *Tardd v. Brookhaven Nat'l Lab.*, 407 F. Supp. 2d 404, 419 (E.D.N.Y. 2006) (granting motion to dismiss because NYSDHR charge was pending).

### 3.     Plaintiff's Age Discrimination Claims Still Fail

The Motion established that Plaintiff's age discrimination claims (Counts 15, 16) must be dismissed: namely, age is not a protected category under Title VI; Plaintiff's allegations of age discrimination are too vague and conclusory to survive dismissal; Plaintiff admits that "other similarly-situated older students were not evicted" (SCAC ¶64), thus showing that the YU Defendants did *not* discriminate against students due to their age as *older* students were apparently treated more favorably; and various other reasons.  (YU Mem. at 35–37.)

While Plaintiff is not required to identify "a 'nearly identical' comparator'" (Opp. at 109), he does not identify *any* comparator.  And his argument that "YU's enforcement independently

supports liability," *id*. at 111, is bereft of any specifics, such as what this "enforcement" entailed. Plaintiff does little more than rely on the false syllogism repeatedly rejected by courts within the Second Circuit: "I am (fill in the protected class . . .); something bad happened to me . . .; therefore the bad thing happened because I am (fill in the protected class)." *Ochei v. The Mary Manning Walsh Nursing Home Co*., 2011 WL 744738, at *3 (S.D.N.Y. Mar. 1, 2011).

Tellingly, Plaintiff once <u>again</u> changes his story.  In the FCAC, Plaintiff alleged he was "summarily evicted" in January 2023; in the SCAC, he alleges in sum that he was told to vacate his dormitory in December 2023, <u>at the end of the fall term</u>; now, he claims that he was "required to vacate at the conclusion of the Spring 2024 semester."  Plaintiff's continued revisions to his story underscores the implausibility of his age-related claims.

### 4.    Plaintiff's National Origin-Related Claims Still Fail

Plaintiff makes several arguments concerning his national origin discrimination claims against YU (Counts 13, 14, 15), all of which are meritless.  For example, he argues that YU bears institutional responsibility, citing *Riviello v. Waldron*, 47 N.Y.2d 297, 302 (1979), despite *Riviello* concerning vicarious liability in the employment context. As the Motion established, "New York has affirmatively rejected the doctrine of *in loco parentis* at the college level." *Wells v. Bard Coll.*, 184 A.D.2d 304, 304 (1st Dep't 1992).  *See* YU Mem. at 13–14, 38–39.

Additionally, Plaintiff's Opposition concerning his hostile work environment claims — that he was subjected to slurs, threats, intimidation, ridicule and isolation — is simply too vague and conclusory to meet the required plausibility standard.  Moreover, Plaintiff argues that whether something is severe or pervasive "cannot be resolved on the pleadings" (Opp. at 108), which is simply incorrect.  (*See* YU Mem. at 40–41.)  In short, his hostile educational environment claim fails because these non-actionable statements were isolated, promptly investigated, and did not demonstrate any deliberate indifference by YU.  (*Id.*)

### 5.    Plaintiff's Disability-Related Claims Still Fail

Instead of demonstrating that his disability-related claims are plausible and could survive on a motion to dismiss, Plaintiff ignores the YU Defendants' arguments, changes his story, and relies exclusively on conclusory allegations.

Regarding his claims under Title III of the ADA (Counts 11, 35), courts regularly dismiss Title III claims seeking monetary relief. (YU Mem. at 41.) In opposition, Plaintiff states that he "seeks prospective injunctive relief requiring nondiscriminatory access to educational programs, reinstatement to academic standing, and reasonable accommodations." (Opp. at 144.) Setting aside that Plaintiff may not amend his pleadings through a legal brief, Title III permits only preventative relief, and the relief he seeks, such as reinstatement, is not preventative. *See Fiorica v. University of Rochester, School of Nursing*, 2008 WL 907371, at *3 (W.D.N.Y. Mar. 31, 2008) (injunctive relief sought by the plaintiff (reinstatement to a nursing program) was not preventive relief, and therefore, not available under Title III).

With respect to his failure-to-accommodate claims,[7] there is no dispute that Plaintiff was granted accommodation of an additional four months to complete his exams, as Plaintiff concedes in his complaint in *Heilmann II*, and that the doctor's note he provided to YU medically cleared him to complete his studies. (YU Mem. at 7, 42–43.)

Moreover, Plaintiff cites no case law showing that he plausibly alleged a disability under the Rehabilitation Act or that YU was obligated to grant him any further accommodation. Indeed, he now admits that on May 8, 2024, he was told that if he needed an additional accommodation,

---

[7]    Plaintiff asserts that he brought Count 11 under Title VI, § 1981, and the Equal Protection Clause, and that he brought Counts 14, 16, 29, and 35 under the Rehabilitation Act. (Opp. at 102-03, 142-45.) That is incorrect — only Count 11 is brought under the Rehabilitation Act. (SCAC ¶¶132, 147, 157, 224, 254.)

10

he was required to submit proper medical documentation — which he failed to do.  (ECF 123-3 ¶¶69, 73-74.)  Where an individual fails to substantiate the need for an accommodation, no legal obligation attaches.  *See Economou v. Caldera*, 2000 WL 1844773, at \*23 (S.D.N.Y. 2000).

Finally, regarding his disability-related retaliation claims[8] (Counts 10, 12), Plaintiff still fails to allege a causal connection between his expulsion (assuming that is the adverse action) and any protected activity.  Notably, the SCAC paragraphs he cites in his Opposition do not address retaliation at all; they describe his trespass and civil conspiracy claims.  (Opp at 94; SCAC ¶¶105–112.)  Plaintiff's Opposition contends that "close temporal proximity combined with escalating sanctions and shifting explanations suffices to plead retaliation at the dismissal stage."  (Opp. at 94.)  Neither of the cases that Plaintiff cites remotely supports such a statement.  *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013) (dealing with summary judgment standards); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110-11 (2d Cir. 2010) (never mentioning escalating sanctions or shifting explanations in the retaliation-context).  Rather, the "Second Circuit has consistently held that more than two months is too long to infer such causation" on an ADA retaliation claim.  *See Johnson v. City of N.Y.*, 2024 WL 4336317, \*10 (S.D.N.Y. Sept. 27, 2024).  It is undisputed that five months lapsed between his alleged request for accommodations and his expulsion in October 2024.  (YU Mem. at 46.)

### 6.    Plaintiff's Retaliation Claims Still Fail

Plaintiff's remaining NYSHRL retaliation claims fare no better.  Regarding Count 27, to the extent that he is now relying on § 1983 instead of the NYSHRL (as alleged in the SCAC), he cannot amend his pleadings in a brief.  Regardless, he fails to allege state action.  (*See* Section V(1).)  Plaintiff still does not allege any protected activity that could save his "threat of

---

[8]    Plaintiff claims that he brought a retaliation claim under the NYCHRL.  (Opp. at 90-91.) He did not assert such a claim in the SCAC.

deportation" retaliation claim (Count 31). Instead, Plaintiff merely states that "threats affecting immigration or physical safety are inherently coercive." (Opp. at 140.) Regardless of the accuracy of this statement, his retaliation claims fail because Plaintiff does not identify *any* protected activity (e.g., complaints about unlawful discrimination).

## CONCLUSION

For each of the reasons set forth above, as well as those stated in the YU Defendants' initial motion papers, the SCAC must be dismissed with respect to the YU Defendants.

Dated:  New York, New York        Respectfully submitted,
        March 11, 2026

SEYFARTH SHAW LLP

By: */s/ Kyle D. Winnick*

Dov Kesselman
Kyle D. Winnick
Ian M. Capell
620 Eighth Avenue
New York, New York 10018-1405
(T) (212) 218-5500
(F) (212) 218-5526
dkesselman@seyfarth.com
kwinnick@seyfarth.com
icapell@seyfarth.com

*Attorneys for the YU Defendants*

12

**LOCAL CIVIL RULE 7.1(c) WORD COUNT CERTIFICATION**

Pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the foregoing Reply Memorandum of Law in Further Support of Motion to Dismiss complies with word-count limitations. The foregoing Memorandum of Law contains 3,497 words, not including the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates.


*/s/ Kyle D. Winnick*
Kyle D. Winnick

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------  X

YISRAEL HEILMANN,

                   Plaintiff,

       - against -

YESHIVA UNIVERSITY, et al.,


               Defendants.

--------------------------------------------------------  X

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:25-cv-02431-AT-RWL


**CERTIFICATE OF SERVICE**

## CERTIFICATE OF SERVICE

     I, Kyle D. Winnick, hereby certify that on March 11, 2026, I caused to be electronically filed true and correct copies of the foregoing REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF YU DEFENDANTS' MOTION TO DISMISS with the Clerk of the Court via the Court's CM/ECF system, which sent notification of such filing to all counsel and parties of record.

                                    */s/ Kyle D. Winnick*
                                       Kyle D. Winnick