UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YISRAEL Z. HEILMANN,

Plaintiff,

v. 25-CV-2431 (AT) (RWL)

YESHIVA UNIVERSITY, et al.,

Defendants.

------------------------------------------------------------

Dated: April 24, 2026

The Honorable Robert W. Lehrburger

United States Magistrate Judge

Southern District of New York

500 Pearl Street

New York, New York 10007

Honorable Judge Lehrburger:

The Court will not pre-determine whether the service effected by the Marshal was good and sufficient service. At the very least, CPLR 308(2) requires mailing of the summons and complaint in addition to service on a person of suitable age and discretion. Accordingly, to complete service, and as sufficient alternative service, Plaintiff shall: (1) transmit the summons and complaint by email to both samar1@email.yu.edu and to sapiramar07@gmail.com; and (2) transmit the summons and complaint or a secure link thereto via direct message to the accounts identified with Amar on Instagram, LinkedIn, and Facebook, and via WhatsApp to 786-508-9774; and (3) mailing through first class mail (or equivalent in Plaintiff's country of residence) to the same Israel address for Amar previously provided to the U.S. Marshal for service. Plaintiff shall effect service by **May 6, 2026** and shall file proof of service by **May 8, 2026**.

SO ORDERED:

4/29/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Plaintiff respectfully writes pursuant to the Court's Order dated February 27, 2026 (ECF No. 125), which directed the United States Marshals Service to attempt service on Defendant Sapir Amar and provided that, if service was unsuccessful, Plaintiff may apply for authorization to effect service by alternative means.

As reflected in the Marshals Service Process Receipt and Return filed April 17, 2026 (ECF No. 132), the United States Marshals Service was unable to effect personal service on Defendant Amar at the addresses identified by the Court. The return reflects that deputies delivered the service documents to a co-resident identified as Zak Cohen, Defendant Amar's roommate, and further notes that the Marshals Service is unable to effect service abroad.

In light of this record, Plaintiff respectfully requests that the Court determine whether service upon Defendant Amar has been effected pursuant to Federal Rule of Civil Procedure 4(e)(2)(B), which permits service at an individual's dwelling or usual place of abode by delivering a copy to a person of suitable age and discretion who resides there.

To the extent the Court determines that such service does not satisfy Rule 4, Plaintiff respectfully requests, in the alternative, authorization to effect service by alternative means pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(f)(3).

Plaintiff is proceeding in forma pauperis and has relied entirely on service through the United States Marshals Service pursuant to 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 4(c)(3). Plaintiff has complied fully with the Court's directives, and any deficiency in service is not attributable to any lack of diligence by Plaintiff.

Further attempts at traditional service appear impracticable, as the Marshals Service has been unable to locate Defendant Amar for personal service and cannot effect service abroad.

Courts in this District possess broad discretion to authorize alternative methods of service where traditional service proves impracticable, provided that the method selected is reasonably calculated,

under all the circumstances, to apprise the defendant of the action and afford an opportunity to respond. See Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950).

Here, Plaintiff has identified multiple reliable electronic channels through which Defendant Amar is likely to receive prompt and actual notice of this action. Specifically, Defendants have previously provided the following email addresses for Defendant Amar (ECF No. 119):

- samar1@mail.yu.edu

- sapiramar07@gmail.com

In addition, Plaintiff has identified and documented active electronic accounts associated with Defendant Amar, including:

- Instagram: https://www.instagram.com/sapiramar_7/

- LinkedIn: https://www.linkedin.com/in/sapiramar

- Facebook: https://www.facebook.com/sapir.amar.921/

- WhatsApp: (786) 508-9774

These channels appear active and regularly used by Defendant Amar and constitute means reasonably calculated to provide actual notice of this action.

Accordingly, if the Court determines that service has not been completed, Plaintiff respectfully requests that the Court authorize service upon Defendant Amar by:

1. Transmission of the Summons and operative Complaint via electronic mail to:

samar1@mail.yu.edu and sapiramar07@gmail.com;

2. Transmission of the service documents, or a secure link thereto, via direct message to Defendant Amar through his identified accounts on Instagram, LinkedIn, and Facebook, and via WhatsApp to (786) 508-9774; and

3. Such additional or alternative means as the Court deems just and proper.

Plaintiff will comply strictly with any order of the Court and will promptly file proof of service detailing the manner, date, and method of transmission.

Authorizing service in this manner will promote the just, speedy, and inexpensive determination of this action in accordance with Federal Rule of Civil Procedure 1 while ensuring that Defendant Amar receives notice and an opportunity to be heard.

Plaintiff remains ready to comply promptly with any instructions the Court may provide.

Respectfully submitted,

/s/ Yisrael Z. Heilmann

Yisrael Z. Heilmann

Plaintiff, Pro Se

Address: 447 Broadway, 2nd Floor, #945

New York, NY 10013

Email: yzh1@protonmail.com