# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

```
----------------------------X
YISRAEL Z. HEILMANN,


Plaintiff,



      -against-           Civil Action No. 1:25-cv-02431(AT)(RWL)



YESHIVA UNIVERSITY, et al.,


Defendants.
----------------------------X
```



**PLAINTIFF'S LETTER REGARDING DOCKET SEQUENCE OF ECF NO. 140**

**IN RELATION TO ECF NO. 139, AND CORRECTION OF CITATION RECORD**

Honorable Judge Lehrburger:

Plaintiff respectfully submits this letter for three purposes: (1) to place before the Court the docket sequence establishing that ECF No. 140 was officially filed before ECF No. 139 issued; (2) to correct one citation not addressed in ECF No. 140; and (3) to address the characterization of Plaintiff's filings as AI-generated. Plaintiff does not seek reconsideration of ECF No. 139.

## I.  ECF NO. 140 WAS OFFICIALLY FILED BEFORE ECF NO. 139 ISSUED

The docket sequence is verifiable from the CM/ECF records of this Court:

(1)  **May 18, 2026, 4:58 p.m. EDT — ECF No. 137 filed.** Defendants raised the citation concerns that ECF No. 139 subsequently addressed.

(2)  **May 19, 2026, approximately 8:01 a.m. EDT — ECF No. 140 officially filed.** Plaintiff submitted ECF No. 140 by email to ProSe@nysd.uscourts.gov less than **sixteen hours** after ECF No. 137. The CM/ECF docket reflects an official filing date of May 19, 2026.

(3)  **May 20, 2026, 11:42 a.m. EDT — ECF No. 139 issued.** ECF No. 140 had been officially on file for **more than twenty-seven hours.**

(4)  **May 20, 2026, 1:29 p.m. EDT — ECF No. 140 docketed.** The Pro Se Intake Unit processed ECF No. 140 one hour and forty-seven minutes after ECF No. 139 issued.

The gap between items (2) and (4) reflects the Pro Se Intake Unit's standard processing schedule, not any delay by Plaintiff. The Court's published Pro Se procedures advise that emailed filings may not be docketed for up to **forty-eight business hours** after receipt. *See* SDNY, *Representing Yourself in Federal Court (Pro Se)* (nysd.uscourts.gov).

ECF No. 140 acknowledged the citation inaccuracies, withdrew reliance on imprecise phrasing, corrected the *Kaplan* reporter transposition to 405 F. Supp. 3d 525 (S.D.N.Y. 2019), clarified the basis for *Global Network*, *Friedl*, *Ciambriello*, and *McGullam*, and attached the *McGullam* opinion in full. ECF No. 140, which addressed the citation issues discussed in ECF No. 139, had been officially filed more than twenty-seven hours before ECF No. 139 issued, although it had not yet been docketed by the Pro Se Intake Unit. Plaintiff respectfully submits that this sequence is material to any future assessment of intent or good faith.

## II.  CLARIFICATION OF THE CITATIONS DISCUSSED IN ECF NOS.137 AND 140

Of the six citations identified by Defendants in ECF No. 137, all six are real reported decisions. Global Network, Friedl, and Ciambriello exist at the exact reporters cited; Defendants' objection was that those authorities did not support the proposition for which Plaintiff cited them. Kaplan exists as a reported decision at 405 F. Supp. 3d 525 (S.D.N.Y. 2019); the citation in ECF No. 136 contained a reporter-number transposition, a clerical error corrected in ECF No. 140. McGullam exists as a reported decision and footnote 3 expressly cites N.Y. Exec. Law § 297(9), as discussed in Section III below. Quinones exists as a reported decision but does not support the proposition for which it was cited; Plaintiff withdraws that citation in Section IV.

Accordingly, each case cited in ECF No. 136 exists as a reported judicial decision. The issues identified by Defendants were a reporter transposition in Kaplan and an unsupported parenthetical citation to Quinones. The Kaplan citation was corrected in

ECF No. 140, and the Quinones citation is withdrawn herein. ECF No. 140 was officially filed on May 19, 2026, the day before ECF No. 139 issued.

Plaintiff further notes that Judge Torres's Individual Practice Rule VI regarding generative artificial intelligence applies to "all civil matters except for civil pro se cases," absent further order. Torres Individual Practices at 1. Plaintiff cites this solely for completeness of the record and does not seek reconsideration of any aspect of ECF No.139.

## III.   FACTUAL CORRECTION: McGULLAM FOOTNOTE 3

ECF No. 137 represented to this Court that *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70 (2d Cir. 2010), "does not mention administrative convenience dismissals." Footnote 3 of that opinion reads, in part:

> *New York's election of remedies statute deprives New York courts of jurisdiction to hear claims filed with the NYSDHR and dismissed for any reason other than those listed in the statute. See N.Y. Exec. Law § 297(9). "[A] state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim." Moodie v. Fed. Reserve Bank of N.Y., 58 F.3d 879, 884 (2d Cir. 1995).*

The full opinion is Exhibit A to ECF No. 140, already in the record. The text of the opinion reflects an express citation to N.Y. Exec. Law § 297(9) — the administrative convenience provision — and to *Moodie* for the proposition that the election-of-remedies bar extends to federal courts. Plaintiff raises this solely to ensure the record is complete.

## IV.   WITHDRAWAL OF THE QUINONES CITATION

*United States v. Quinones*, 511 F.3d 289 (2d Cir. 2007), cited in ECF No. 136 as a

parenthetical "see" citation, does not support the proposition for which it was cited. *Quinones* is a criminal case concerning a capital murder conviction. Plaintiff withdraws it and substitutes *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (federal courts vested with inherent power to manage their own proceedings). The surrounding argument is independently supported by *Moodie*, *York*, and *McGullam* and does not depend on *Quinones*.

## V.   COMPLIANCE GOING FORWARD

Twelve of the thirteen citations in ECF No. 136 are real reported decisions. The two issues were a reporter transposition in *Kaplan* — corrected in ECF No. 140 before ECF No. 139 issued — and the *Quinones* parenthetical, withdrawn above. Every citation in this letter has been independently verified before filing. Plaintiff is committed to citation accuracy in all future submissions and understands the obligations of Rule 11.

Plaintiff respectfully thanks the Court for its consideration.

Respectfully submitted,

Dated: June 15, 2026

*/s/ Yisrael Z. Heilmann*

    Yisrael Z. Heilmann
    *Plaintiff, Pro Se*
Address:  447 Broadway, 2nd Floor 945
    New York, NY, 10013
Email:   yzh1@protonmail.com

*All citations in this letter independently verified before filing. Copies transmitted to all parties via CM/ECF.*