The requested extension is granted in part. Plaintiff's deadline to file the amended complaint is extended to **December 15, 2026**. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 185 and 186.

SO ORDERED:

11/20/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

**VIA ECF**

Hon. Analisa Torres, United States District Judge
Hon. Robert W. Lehrburger, United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***Heilmann v. Yeshiva University, et al.*, No. 1:25-cv-02431 (AT)(RWL)**
**Plaintiff's Letter-Motion to Extend the Deadline to Move for Leave to Amend to January 5, 2027 (Second Request)**

Honorable Judge Torres and Honorable Judge Lehrburger:

I am the pro se Plaintiff. I respectfully request that the deadline to move for leave to amend, set by the Order of September 24, 2026 (ECF No. 157 at 36–37) and extended to December 1, 2026 by the Order of October 5, 2026 (ECF No. 169), be extended to **Tuesday, January 5, 2027**. I make this request 21 days before the current deadline.

**Standard.** A request made before a deadline expires requires only good cause. Fed. R. Civ. P. 6(b)(1)(A); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895–96 (1990) (distinguishing requests made before a deadline expires from post-deadline requests, which require excusable neglect). The special solicitude owed to pro se litigants "embraces relaxation of the limitations on the amendment of pleadings" and "leniency in the enforcement of other procedural rules," because "a pro se litigant generally lacks both legal training and experience and, accordingly, is likely to forfeit important rights through inadvertence if he is not afforded some degree of protection." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). The Court found "that amendment would be futile for all but the following claims" and noted that Plaintiff "has not had an opportunity to amend his complaint with the benefit of a court order." ECF No. 157 at 36 (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (pro se plaintiff should receive "leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (citation omitted))). The stakes are final: "If Plaintiff does not seek leave to amend his complaint by that

date, all federal claims shall be dismissed with prejudice." ECF No. 157 at 37. The time requested serves the purpose of that leave: one complete, specific motion rather than a rushed one.

**1. The unreported authorities I must read run to 1,339 pages, and I obtained them in full only on October 7, 2026.** To replead the six permitted counts with the dates and specifics the Order requires (ECF No. 157 at 23–25, 36–37), I must work through the authorities on which the Order and the defendants' briefs rely, most of which are available only on commercial databases I cannot access. Local Civil Rule 7.2 therefore requires counsel to furnish copies to a pro se litigant. *See Lebron v. Sanders*, 557 F.3d 76, 77–78 (2d Cir. 2009) (per curiam) (granting a pro se prisoner a further extension, although the court had said "no further extensions would be granted," because he could not "access, without cost," case law that formed "a part of the substantive basis of the district court's challenged opinion"); *id.* at 79 (courts should consider whether indigent pro se litigants have "access, without cost, to review the case law relied upon by a district court"). The authorities cited in the Order reached me on September 29, 2026 (ECF No. 163 at 1). The compendia of unreported decisions cited in the briefs of Defendant Yeshiva University ("YU") became available to me through counsel's file-transfer link; I downloaded them on October 7, 2026 and confirmed receipt to counsel the same day. The copies I have received comprise seven compendium volumes of 1,235 pages containing 111 decisions, plus eight stand-alone extracts of 104 pages: 1,339 pages in all. Working through those decisions has required me to reassess each of the six counts the Order permits me to replead, and the defenses YU has raised to them, rather than simply adding facts to the existing allegations. That reassessment has taken most of the time since the first extension and is not finished. I raise this as a matter of timing and volume, not as a complaint against counsel. **2. The pending motion for partial reconsideration determines the scope of the amendment.** On October 1, 2026, I moved for partial reconsideration of the Order as to Counts 13 and 15 (ECF

Nos. 165, 166, 168). YU opposed on October 16, 2026 (ECF No. 177), and I replied on October 21, 2026 (ECF No. 178). The motion is fully briefed and pending. Its outcome decides whether the proposed Amended Complaint may include a Title VI national-origin claim alongside Count 14. If it is decided after December 1, I may have to move to amend a second time, and the Court and YU would face two rounds of briefing on one pleading. A January 5 deadline allows one motion that reflects the Court's ruling. In the alternative, I ask that the deadline be set at 30 days after the Court decides the motion for partial reconsideration, or January 5, 2027, whichever is later. I do not by this letter seek to add any claim beyond those the Order permits, as it may be modified on reconsideration.

**3. Records the University has not yet produced.** On September 25, 2026, I asked YU for my education records under FERPA, 20 U.S.C. § 1232g, including my disability-services, international-student and security records. On October 1, 2026, the Registrar produced its own file and advised that each other office must be asked separately. On October 6, 2026, I asked the Office of International Services and the Office of Student Finance: the first has offered viewing only, without copies, until November 13, 2026; the second has not responded. On November 12, 2026, I requested my FERPA records from the remaining offices, which under 34 C.F.R. § 99.10(b) have 45 days to respond. The records still outstanding include my spring 2024 attendance records, which bear directly on the full-time-enrollment requirement that governed my F-1 status, see 8 C.F.R. § 214.2(f)(6), and on the reasons YU gave for terminating my Form I-20. These records are the documentary source for the dates and specifics the Order found missing in Counts 10, 11, 12, 27 and 35.

**4. Two other defendants' proceedings fall in the same period.** Defendant Davidovics moved to dismiss in late September 2026 (ECF Nos. 158–159); under the Order of October 5, 2026 (ECF No.

169), I filed my opposition on November 9, 2026, and his reply is due November 23, 2026. Defendant Amar moved to vacate his default (ECF No. 161); the Court granted that motion and directed me to serve him, which I did (ECF Nos. 170, 173, 174), and he has since appeared through counsel and answered (ECF No. 179). Both concern the same facts as the leave motion. I proceed pro se and in forma pauperis.

**Required statements.** The original deadline was October 22, 2026. This is my second request to extend it. My first request (ECF No. 162, September 29, 2026) was granted by the Order of October 5, 2026 (ECF No. 169), which extended the deadline to December 1, 2026. I have not sought the

other parties' consent to this request; YU took no position on my first request (ECF No. 163 at 1). The extension would not affect any other scheduled date: the Davidovics briefing schedule remains as set.

I am continuing to prepare the motion and will file it before January 5 if the reconsideration motion is decided and the records arrive earlier. Thank you for your consideration.

Dated: November 12, 2026

Respectfully submitted,

/s/ Yisrael Z. Heilmann
Yisrael Z. Heilmann
Plaintiff, Pro Se
447 Broadway, 2nd Floor #945, New York, NY 10013 | (347) 489-8828 | yzh1@protonmail.com

cc: All counsel of record (via ECF)

*Pro se submission. Any inadvertent citation error is unintentional, is not made to mislead the Court, and will be corrected promptly upon notice. Fed. R. Civ. P. 11(b). This letter was prepared with the assistance of an AI drafting tool; I have reviewed it and verified each citation and record reference.*